## COE et al. v. COBB et al.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. EXECUTORS AND ADMINISTRATORS—CLAIM—ACTION TO ESTABLISH LIEN—COMPLAINT—SUFFICIENCY.

A complaint in an action by a creditor of a testator to establish a lien on the surplus funds arising on the sale of real estate of the latter in an action to foreclose a mortgage thereon, which does not show whether such sale occurred within four years after the issue of letters testamentary, or state when it occurred, fails to state a cause of action; Code Civ. Proc. § 2798, providing that such surplus moneys, when resulting from the sale of real estate within four years after the issue of letters testamentary, must, after the payment of all liens thereon existing at the time of the death, be paid into the surrogate's court.

2. SAME.

Code Civ. Proc. § 2798, provides that surplus moneys arising on the sale of a testator's real estate, in an action to foreclose a mortgage thereon within four years after the issue of letters testamentary, must, after

the payment of liens thereon, be paid into the surrogate's court, pursuant to section 2537. Section 2537 provides that payment into the surrogate's court is made by paying to county treasurer, to the credit of the estate. *Held*, that a complaint by a creditor of a testator to establish a lien on such surplus moneys, which does not show whether the surplus was paid into the supreme court or the surrogate's court, but merely alleges that it was paid into the county treasury, is insufficient, since it would be in the county treasury, whether paid into one court or the other, and if in the surrogate's court, or entitled to be paid into that court, as provided by section 2798, it could only be disposed of by the surrogate under proceedings prescribed by the Code of Civil Procedure, and an action to establish a lien thereon could not be maintained.

3. WILLS—CLAIM AGAINST TESTATOR—ACTION AGAINST LEGATEES OR DEVISEES —COMPLAINT—SUFFICIENCY.
    A complaint in an action by a creditor of a testator praying that his claim be adjudged a lien on surplus moneys arising from the sale of the testator's land in an action to foreclose a mortgage thereon, which does not show what disposition, if any, was made of testator's land by the will, whether the executor or any of the defendants were given any interest therein, or whether the defendants were any of them next of kin, legatees, heirs, or devisees of the testator, does not state a cause of action under Code Civ. Proc. § 1837 et seq., providing that an action may be maintained against the next of kin or legatees of a testator to recover to the extent of the assets paid or distributed to them for a debt of decedent on which an action might have been maintained against the executor, and that the heirs and devisees of a testator are liable for the latter's debts to the extent of the interest in the land which descended or was effectually devised to them.

4. SAME.
    Such complaint was also insufficient for failure to show that the action was brought against all the heirs and devisees of the testator, as required by section 1846.

Appeal from special term, Ontario county.

Action by Amos D. Coe and Flavius J. Coe, as executors of Amanda M. Coe, against William Cobb, as executor of the will of Stephen Beach, impleaded with others. From a judgment overruling a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Walter H. Knapp, for appellants.
Charles Ward, for respondents.

WILLIAMS, J. The complaint, in brief, shows that the plaintiff had a claim against the estate of which the defendant (appellant) is the executor, amounting to $2,134.13, with interest thereon from February 3, 1898; that defendant's testator died April 11, 1890, leaving a will of real and personal estate, which was duly probated in Ontario county, and letters testamentary were issued to the appellant June 16, 1890; that more than three years have elapsed since the granting of such letters, and since the death of such testator; that the personal assets of such testator are not sufficient to pay plaintiff's debt, in addition to the expenses of administration, and the debts of a prior class; that all the real estate of which said testator died seised was sold in an action for the foreclosure of a mortgage thereon, and in such action there was paid into the Ontario county treasury, as

surplus funds arising upon such sale, the sum of $1,319.39; that each of the defendants have, or claim to have, as heir at law, legatee, or devisee, some interest in said surplus funds, and that the interest therein which descended to the heirs at law would not be sufficient to pay the plaintiff's claim; that no proceedings have been had, at law or otherwise, and no other action has been brought, to recover plaintiff's claim herein; and then plaintiff demands judgment that the amount of his debt be declared and adjudged as a lien upon such surplus, and that the same may be awarded to the plaintiff, with such other relief as may be just. It is difficult to ascertain from the complaint itself, or from the brief of the respondent, upon this appeal, precisely what the cause of action is claimed by the respondent to be. At one time he seems to claim that it is an action against the executor to recover a judgment upon plaintiff's claim. At another he seems to claim that the action is, under section 1837 et seq., Code Civ. Proc., against next of kin, legatees, heirs, and devisees. We may as well conclude that the action is brought, as the prayer for relief indicates, to have the plaintiff's claim declared to be a lien upon the surplus moneys, and to have the moneys awarded to the plaintiff thereon. It does not seem to us that the complaint is sufficient to entitle the plaintiff to such relief in the action.

1. It is provided by section 2798 of the Code of Civil Procedure, in effect, that such surplus moneys, if they result from a sale of the real estate within four years after the issue of letters testamentary, must, after payment of all liens thereon existing at the time of the death, be paid into the surrogate's court, pursuant to section 2537; and by section 2537 it is provided that payment into the surrogate's court is made by paying to the county treasurer, to the credit of the estate. The complaint does not show whether the sale from which this surplus arose took place within the four years or not. It does not state when the sale took place. And, more than this, the complaint does not show whether the surplus was paid into the supreme court or the surrogate's court. The allegation is that it was paid into the county treasury, and it would be in the treasurer's hands, whether paid into one court or the other. If the surplus is in the surrogate's court, or is entitled to be paid into that court, as provided by section 2798, of the Code of Civil Procedure, then the same can only be disposed of by the surrogate under proceedings prescribed by the Code of Civil Procedure, and this action to establish a lien thereon and to recover the same cannot be maintained. In this respect the complaint fails to state facts sufficient to constitute a cause of action.

2. The complaint does not state facts sufficient to constitute a cause of action under section 1837 et seq. of the Code of Civil Procedure. It does not state what disposition, if any, the will made of the real estate, whether the executor or any of the defendants were given any interest therein, or whether the defendants were any of them next of kin, legatees, heirs, or devisees of the testator. Nor does the complaint show that the action was brought against all the heirs or devisees of the testator, as section 1846 requires the action to be brought. The complaint is not good,—is entirely insufficient,—and defendants should not be compelled to answer and go to trial upon

such a pleading. If the plaintiff has a cause of action, he should set it out in his complaint, so that the defendants may understand it.

The judgment overruling the demurrer, appealed from, should be reversed, with costs of appeal, and the demurrer sustained, with costs, and with the usual leave to plead over upon payment of costs. All concur.

HOFFMAN v. SYRACUSE RAPID-TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. STREET RAILROADS—COLLISION—PROXIMATE CAUSE.
The negligence of defendant's motorman in operating its electric car at an excessive rate of speed, and in failing to have it under proper control, does not authorize a recovery for injuries to plaintiff's team sustained in a collision with the car, where the collision could not have been avoided even if the car had been driven at a proper rate of speed, and had been under proper control.

3. SAME—BURDEN OF PROOF.
In an action for injuries to plaintiff's team sustained in a collision with defendant's electric car, the burden is on plaintiff to show that his employé in charge of the team was free from contributory negligence.

4. SAME—CONTRIBUTORY NEGLIGENCE.
In an action for injuries to plaintiff's horse, sustained in a collision with defendant's electric car, it appeared that plaintiff left the horse untied and unattended on a dark, stormy night, in a narrow space between the track and the street gutter, where a car with a headlight was liable to approach at any moment at a rapid rate of speed. Held, that he was guilty of contributory negligence.

Appeal from Onondaga county court.